Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

*14-448*

| United States District Court | District *Middle* |
|---|---|

| Name (under which you were convicted) *Christopher Lee Pepple* | Docket or Case No.: *CP-28-CR-000 1699-2010* |
|---|---|
| Place of Confinement: *SCI Albion - 10745, Route 18 Albion, PA. 16475-0002* | Prisoner No.: *KL4337* |

| Petitioner (include the name under which you were convicted) *Christopher Lee Pepple* | v. | Respondent (authorized person having custody of petitioner) *Commonwealth of Pennsylvania* |
|---|---|---|

| The Attorney General of the State of *Pennsylvania* |
|---|

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: *FRANKLIN County Courts - 157 Lincoln Way East Chambersburg, PA. 17201*

   (b) Criminal docket or case number (if you know): *CP-28-CR-000699-2010*

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: *Febuary 22 2012*

3. Length of sentence: *9yrs 34 yRS*

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☒   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: *attempted aggravated Indecent assault, Indecent assault, Endangering the welfare of children*

   _____

   _____

6. (a) What was your plea? (Check one)

   *This one* ⟳ (1)   Not guilty ☐   (3)   Nolo contendere (no contest) ☐

   (2)   Guilty   (4)   Insanity plea ☐

**FILED**
**SCRANTON**

MAR 1 1 2014

PER _____ DEPUTY CLERK

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *Pleaded Not guilty to all the charges on Front and had a Jury Trial.*

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing (trial) or a post-trial hearing?

Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☐  No ☒  *Lawyer never Filed any Direct appeals.*

9. If you did appeal, answer the following:

(a) Name of court: _N/A_

(b) Docket or case number (if you know): _N/A_

(c) Result: _N/A_

(d) Date of result (if you know): _N/A_

(e) Citation to the case (if you know): _N/A_

(f) Grounds raised: _N/A_

(g) Did you seek further review by a higher state court?   Yes ☐  No ☒

If yes, answer the following:

(1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Result: _N/A_

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐  No ☒

   If yes, answer the following:

   (1) Docket or case number (if you know): *N/A*

   (2) Result: *N/A*

   (3) Date of result (if you know): *N/A*

   (4) Citation to the case (if you know): *N/A*

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

*This one →* ☒ Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: ~~N/A~~ *Franklin County Courts*

      (2) Docket or case number (if you know): ~~N/A~~ *CP-28-CR-000689-2010*

      (3) Date of filing (if you know): *N/A*

      (4) Nature of the proceeding: ~~N/A~~ *Evidentiary Hearing*

      (5) Grounds raised: ~~N/A~~ *Ineffective counsel, No direct appeal filed, No saying in picking Jury, No plea deal offered, Insufficient Evidence, No Discovery, No witnesses called, Illegal Sentence, No Judgement of Sentence order, and Non-Release of Records*

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☒  No ☐

   (7) Result: *PCRA - Evidentiary Hearing - No Relief granted and denied counsel.*

   (8) Date of result (if you know): *August 1st 2014*

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: *N/A*

   (2) Docket or case number (if you know): *N/A*

   (3) Date of filing (if you know): *N/A*

   (4) Nature of the proceeding: *N/A*

   (5) Grounds raised: *N/A*

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑  No ❑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _N/A_____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _N/A_____

(3) Date of filing (if you know): _N/A_____

(4) Nature of the proceeding: _N/A_____

(5) Grounds raised: _____ N/A _____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑  No ❑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? PCRA Hearing was held Nothing Further

(1) First petition:    Yes ❑  No ❑

(2) Second petition:   Yes ❑  No ❑

(3) Third petition:    Yes ❑  No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Not at that stage, also being denied Records to perfect any appeals.

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: See attached FoRm(s)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

See attached FoRm(s)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒   Lawyer Never Filed oNe.

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____ My lawyer Never Filed any DiRect appeals even after being told several times to do as such.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post coNViction Relief act

Name and location of the court where the motion or petition was filed: _____

FRankLiN county courts

Docket or case number (if you know): CP-28-CR-0001699-2010

Date of the court's decision: august 30th 2013

Result (attach a copy of the court's opinion or order, if available): _N/A_ _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

  Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

  Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _being Filed iN SupeRioR couRts of PennSylvania middle DistRict_ ____

Docket or case number (if you know): _Not Filed yet_ _____

Date of the court's decision: _N/A_ _____

Result (attach a copy of the court's opinion or order, if available): _N/A_ _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

____ _N/A_ _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_ _____

_____

_____

**GROUND TWO:** _N/A_ _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

____ _N/A_ _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: Never Filed, Felt couldn't File due to what the Issue(s) are.

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: No direct appeal was ever filed by my attorney even after I told him to do as such.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☒   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: PCRA

    Name and location of the court where the motion or petition was filed:

    Franklin county courts

    Docket or case number (if you know): CP-28-CR-0001699-2010

    Date of the court's decision: August 30th 2013

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition?

        Yes ☒   No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☒   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Not filed yet will be with the superior courts of Pennsylvania middle district April 7th 2014

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ *N/A* _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two: *N/A* _____

_____

_____

_____

**GROUND THREE:** *N/A* _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____ *N/A* _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____ *N/A* _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑       *N/A*

(2) If you did not raise this issue in your direct appeal, explain why: *N/A* _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑  No ❑   *N/A*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A* _____

Name and location of the court where the motion or petition was filed: *N/A* _____

_____

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?

    Yes ❑  No ❑  *N/A*

(4) Did you appeal from the denial of your motion or petition?

    Yes ❑  No ❑  *N/A*

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑  *N/A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *N/A*

**GROUND FOUR:** *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *N/A*

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑   *N/A*

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑ No ❑   *N/A*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑   *N/A*

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑   *N/A*

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑   *N/A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ *N/A* _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____ *N/A* _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?        Yes ☐ No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *Gonna be Filing a Brief with Superior Courts on April 7th 2014 but this motion is in Regards to other Issue(s) which can't be Raised in the Brief.*

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____ *N/A* _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *N/A* _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☒   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Superior courts of Pennsylvania, Middle District Brief due on April 7th 2014

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Tony Miley - Franklin County Public defender

(b) At arraignment and plea: Tony Miley

(c) At trial: Tony Miley

(d) At sentencing: Tony Miley

(e) On appeal: No Direct appeal Filed

(f) In any post-conviction proceeding: Denied Counsel at Evidentiary Hearing

(g) On appeal from any ruling against you in a post-conviction proceeding: None

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐   N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition has to do with Receiving Relief in obtaining my Legal Records to perfect my appeal process.
See attached.

Another Issue, I was denied Counsel for my Evidentiary Hearing. I also do not have a "Final Written Judgement of Sentence order" and I am being detained by virtue of Franklin county Sentencing Sheets which is Illegal.
This is all new Evidence.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *See attached Form (motion)*
*Need my Legal Records/Documents to perfect my appeals and Courts keep denying them.*

or any other relief to which petitioner may be entitled.


*No attorney (PRo-se)*
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on *March*

*5th 2014* _____ (month, date, year).


Executed (signed) on *3/5/14* _____ (date).


*Christopher J. Pepple*
Signature of Petitioner


If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing

this petition. *N/A*


* * * * *

FILED
SCRANTON

MAR 11 2014

PER ____ DEPUTY CLERK

## United States District Court
## Middle District
## of Pennsylvania

Christopher Lee Pepple   (appellant)



VS.

United states District court
(appellee)

Supreme Docket No: 191 MM 2013

Lower appellant court Docket No: 1769 MDA 2013

Trial court Docket No: CP-28-CR-0001679-2010

## Appeal From Order of Supreme Court of Pennsylvania
## Middle District, For Legal Records.

This appeal is being done Pro-se by the appellant being; Christopher Lee Pepple , and is being Served as only one copy being; An original copy, to the "United States District court, Middle District of Pennsylvania", and only one copy is being Sent due to the appellant is Indigent, as he has attached a Forma Pauperis application as well to this appeal.

(Cover Page)

Appellant being; Christopher Lee Pepple, is a state Inmate at SCI Albion, State Prison in Erie county. The appellant was Sentenced on Febuary 22nd 2012, to a minimum Term of Nine (9) years and a maximum term of (34) thirty Four years, to be served in a State correctional Facility.

Appellant did proceed with a Jury Trial on November 2nd and 3rd of 2011. Appellant was found guilty of all charges and those being; "attempted aggravated Indecent assault", - 6½ to 20 years; "Indecent assault"; - (15) Fifthteen months to (7) Seven years, and "Endangering the welfare of Children", - (15) Fifthteen months to (7) years, all charges to be Ran consecutive with an aggregated Sentence of (9) Nine years to (34) thirty four years, followed by megan Law.

After Sentencing, "No direct Appeal's were Filed in the Superior Courts". No appeals were Filed from the Sentence Imposed, to the Supreme Courts.

Appellant did File an amended Petition under the Post Conviction Relief act, and the Courts of Franklin County appointed counsel to Represent the appellant.

This counsel did File a No Merit Letter under case Law "Finley", and appellant was given a chance to argue why his appeal should Not be dismissed.

Appellant did File a Reason, being another amended Petition, as per he filed to have PCRA counsel Removed, so he could continue Pro Se with his proceedings since the courts wouldn't grant appellant New Counsel. This was all granted.

Now the appellant did have an Evidentiary Hearing

(1.)

'in which was held on august 1st 2013 and the appellant Represented himself at this Hearing.

Appellant Requested various Records so he could argue the Issue's in which he was Raising with his case, at the Evidentiary Hearing. However, the Franklin County Courts denied the appellant these Records and Stated it was not a Fishing Expedition.

So basically the appellant argued what he could at his Evidentiary Hearing and was denied Relief, as per when he knew he was having problems, he asked For counsel to be appointed, and the Franklin County Courts denied him counsel. Appellant plans to Raise this Issue in his Brief as well For the Superior Courts.

After being denied Relief at his Evidentiary Hearing, an order was final on august 30, 2013 granting the appellant the Right to appeal. This was done timely.

After appellant appealed he was told to File a "Concise Statement of matters" this was done PRo SE by the appellant on October 21st 2013. After Review by the Courts the appellant was granted the Right to File a brief with the Superior Courts of Pennsylvania, middle District.

The appellant has attempted several times to Retrieve his Records, and has Received some of these Records, mainly being his transcripts, From the trial and Evidentiary Hearing Transcripts.

The Franklin County Courts will not give the appellant the Such Records as Requested by him. Appellant Needs the Such Records to Produce an operational Brief For the Superior Courts

(2.)

of Pennsylvania. This is also a violation under the "Constitutional Laws" as well.

The Franklin County Courts made a Ruling on the motion the appellant submitted for his Legal Records. This Ruling was made on October 18th 2013, and the Courts denied the Appellant his Rights to these Records and stated again it was not an Fishing Expedition. This Ruling is attached as an Exhibit to this appeal.

The appellant since filed a "Petition for Writ of Mandamus" to the Supreme Courts for his Legal Records, and the Supreme Court made a Ruling on Febuary 3rd 2014 denying the appellant the Records without any Exclamation as too why, even after he was given a permanant docket Number through the Courts and that being, "191 MM 2013".

The appellant feels he is getting a Run around insofar as being able to obtain these Records. The appellant truly needs these Records (in which he will list) due to the Records carry pertinent Information, and appellant knows with these Records it will definetly change the outcome of his Sentence.

The Records in which the appellant is in drastic Need of; are as follows: Appellant Request the Records from "Franklin County Children and Youth Services", as per his "Discovery", also his "Preliminary and Sentencing Transcripts", as per a "Copy of his Arrest Warrant" since no arrest warrant was ever presented and None exist as you'll see with the Exhibit.

Appellant feels and knows these Records contain a



great deal of pertinent Information, in which would change the outcome of his Sentence.

Everytime the appellant ask for these Records, the courts of Franklin County denies these Records. The court's told the appellant they do Not have any Discovery for the case, how could appellant's counsel then build a proper defense for appellant's case without this Information?

Appellant when he filed the "Petition For Writ of Mandamus" with the Supreme court, Knows the Supreme court Never truly Investigated the Petition throughly, due to when they gave their Final order on the petition, it had the Judge's name of Richard Walsh on it, well Richard Walsh has since Retired back in the end of 2012. So how is this even possible?

Appellant feels he got a Run around again and this time with the Supreme Courts of Pennsylvania, Middle District. This court will see this with the Exhibit in which is attached.

Now there is ample authority to allow this court being; "The United States District Court", Middle District", to Remand the motion back to the "Supreme Court of Pennsylvania", with Instructions on granting appellant's "Petition For Writ of Mandamus" For Legal Records, From the "Franklin county court of Common Pleas". See the Following Case Laws:

"Griffin vs. Illinois", 76 S. ct. 585 (1956); "Mayer vs. City of Chicago", 92 S. ct. 410 (1971); "Gardner vs. California", 89 S. ct. 580 (1969).

There also is "No dispute" that Indigent defendant's

(4.)

are entitled to the Requested Records. See the Following Case Laws: "Commonwealth vs. Dean", 501 A. 2d 269 (1985); "Smith vs. Bennett", 81 S. Ct. 895 (1961); "Calhoun vs. Forester" 655 F. Supp. 492 W. D. PA. (1987); and "Johnson vs. Miller" 925 F. Supp. 334 (1996).

Now "The Federal Rule of the ABA Standards" also states the following: "It gives the defendant access to any Written Records/Documents in which is Needed For or From the defendant's case.

Appellant Now states under oath that he is indigent, Without property or Income, except For Nominal Wages earned in prison; that appellant is without the means to pay For the above Requested Records; that these Records and /or documents are both Necessary and pertinent to perfecting a proper and adequate appeal in order to seek Viable Relief. The appellant did attach a motion For Leave to "Proceed in Forma Pauperis".

To deny this appellant these Records is in effect denying the appellant access to the proper use of the appeal system and avenue's available in this Commonwealth to persons able to purchase these Necessary Records and /or Documents.

Wherefore, appellant Now prays that this Court Will grant and enforce the appellant's appeal, in which he is submitting to the "United States District Court", Middle District" and take appropriate actions by handling the Situation, or by Remanding it back to the "Supreme Court of Pennsylvania

(5.)

Middle District", with proper Instructions on handling the appeal, or directing the appeal to the appropriate court so the appellant will receive the necessary records and/or documents that is mandatory for perfecting an appeal.

Appellant thanks you for your time with this matter.

Respectfully Submitted Pro SE by;

Sign: Christopher Lee Pepple

Print: Christopher Lee Pepple

D.O.C. Number: KL4337

Address: 10745, Route 18
            Albion, PA. 16475-0002

Dated: March 5th, 2014

(6.)

# Unsworn Declaration

I, Christopher Lee Pepple, hereby verify that the statements made within this Motion are true and correct to the best of my knowledge, information, and belief, and that any false statements are made subject to the penalties provided for in "18 PA. C.S. § 4904" (Relating to unsworn falsification to authorities).

Sign: Christopher Lee Pepple

Print: Christopher Lee Pepple

D.O.C. Number: KL4337

Address: 10745, Route 18
Albion, PA. 16475-0002

Dated: March 5th, 2014

# Certificate of Service

I, Christopher Lee Pepple, hereby certify that I am serving a copy of the foregoing Motion For Relief in obtaining my legal Records upon the "United States District Court," For the middle District of Pennsylvania", located at: "Harrisburg Division, Federal Building & U.S. Court House - 228 Walnut Street - P.O. Box 983 - Harrisburg, PA. 17108, by placing same in the U.S. Mail Repository located at: SCI Albion - 10745, Route 18 - Albion, PA. 16475-0002, which satisfies the requirements of "PA. R. Crim. P. 901(B)".

Sign: Christopher Lee Pepple

Print: Christopher Lee Pepple

Dated: March 5th, 2014    (7.)



# Supreme Court of Pennsylvania

Amy Dreibelbis, Esq.
Deputy Prothonotary
Elizabeth E. Zisk
Chief Clerk

Middle District

601 Commonwealth Avenue, Suite 4500
P.O. Box 62575
Harrisburg, PA 17106
(717) 787-6181
www.pacourts.us

February 3, 2014

Christopher Lee Pepple
SCI-Albion / Inmate# KL4337
Unit/Side D-B-16
10745, Route 18
Albion, PA  16475-0002

RE:   Commonwealth v. Pepple, C., Pet
        No. 191 MM 2013
        Lower Appellate Court Docket No:  1769 MDA 2013
        Trial Court Docket No:  CP-28-CR-0001699-2010

Dear Christopher Lee Pepple:

    Enclosed please find a certified copy of an order dated February 3, 2014 entered in the above-captioned matter.

                                        Very truly yours,
                                        Office of the Prothonotary

/mjh
Enclosure
cc:  Matthew Drew Fogal, Esq.
       The Honorable Richard J. Walsh, Judge

Exhibit   Pg 1

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA,  : No. 191 MM 2013

                    Respondent      :

                           :

           v.                  :

                           :

CHRISTOPHER LEE PEPPLE,       :

                    Petitioner       :

### ORDER

**PER CURIAM**

     **AND NOW**, this 3rd day of February, 2014, the Application for Leave to File Original Process is **GRANTED**, and the Petition for Writ of Mandamus and/or Extraordinary Relief is **DENIED**.

A True Copy Elizabeth E. Zisk
As Of 2/3/2014

Attest: *Elizabeth Zisk*
Chief Clerk
Supreme Court of Pennsylvania

Exhibit    pg 2

OCT 1 8 2013

*Judith L Smith*

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| v. | : | No. 1699 of 2010 |
| | : | |
| Christopher Lee Pepple, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## ORDER OF COURT

NOW, this ___18th___ day of October, 2013, upon consideration of Defendant's *Petition to have Court Order Granted*;

IT IS HEREBY ORDERED that Defendant's *Petition to have Court Order Granted* is DENIED. Discovery requests in Post-Conviction Relief Act proceedings are governed by Pa. R.Crim.P. 902(E)(1) which requires a showing of exceptional circumstances prior to the Court's granting leave to engage in discovery. Exceptional circumstances have not been alleged. Further, Defendant's PCRA Petition has been denied by this Court and is pending review by the Superior Court. Finally, the Court will not permit the post-conviction proceedings to devolve into a fishing expedition at the young victim's expense without sufficient, meritorious justification.

Pursuant to the requirements of *Pa.R.Crim.P. 114*, the Clerk of Courts shall immediately docket this Order and record in the docket the date it was made. The Clerk shall forthwith

Exhibit



**PENNSYLVANIA STATE POLICE**
**Bureau of Records & Identification**
**RIGHT-TO-KNOW OFFICE**
**1800 Elmerton Avenue**
**Harrisburg, PA 17110**

Mailing Date: December 21, 2012

Christopher Lee Pepple #KL4337
SCI Albion
10745, Route 18
Albion, Pennsylvania 16475-0002

PSP/RTKL Request N° 2012-0567

Dear Mr. Pepple:

On November 21, 2012 the Pennsylvania State Police (PSP) received your request for information pursuant to the Pennsylvania Right-to-Know Law (RTKL), 65 P.S. §§ 67.101 – 67.3104, wherein you asked for "a copy of the arrest warrant that I was arrested on back on 8-31-2010 for the crime I was sentenced to a term of 9-34 years for." A copy of your request is enclosed. By letter dated November 30, 2012 you were notified in accordance with RTKL section 67.902 (b)(2) and 1 Pa.C.S. § 1908 that the PSP required an additional thirty days, to respond to your request.

PSP does not have any records such as you described in its possession, custody, or control. A verification to this effect accompanies this letter. Pursuant to the decision in *Jenkins vs. Pennsylvania Department of State*, OOR Dkt N° AP 2009-0065,: "It is not a denial of access when an agency does not possess records and [there is no] legal obligation to obtain them (see, e.g. Section 67.506 (d)(1))."

Outside of the RTKL, and without waiving any exemptions, you may try contacting the Court of Common Pleas of Franklin County, Franklin County Courthouse, 157 Lincoln Way E, Chambersburg, PA 17201, for helpful information concerning your request.

To the extent that your request seeks or may be construed to seek records involving covert law enforcement investigations, including intelligence gathering and analysis, PSP can neither confirm, nor deny the existence of such records without risk of compromising investigations and imperiling individuals. UNDER NO CIRCUMSTANCES, therefore, should this response to your request be interpreted as indicating otherwise. In all events, should such records exist, they are entirely exempt from public disclosure under RTKL and the Criminal History Record Information Act, 18 Pa. C.S. §§ 9101-9183.

Exhibit

You have a right to appeal this denial of information in writing to Terry Mutchler, Executive Director, Office of Open Records, Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, Pennsylvania 17120. If you choose to file an appeal, you must do so within 15 business days of the mailing date of this response and send to the OOR:

1) this response;
2) your request; and
3) the reason why you think the agency is incorrect in its response.

Also, the OOR has an appeal form available on the OOR website at: https://www.dced.state.pa.us/public/oor/appealformgeneral.pdf.


Respectfully,

Rachel Zeltmann
Deputy Agency Open Records Officer
Pennsylvania State Police
Bureau of Records & Identification
Right-to-Know Office
1800 Elmerton Avenue
Harrisburg, Pennsylvania 17110
1.877.785.7771 (Main)
717.525.5795 (Fax)

Enclosures:     PSP/RTKL Request N° 2012-0567
                Zeltmann Verification

Exhibit

PENNSYLVANIA STATE POLICE
BUREAU OF RECORDS & IDENTIFICATION
RIGHT-TO-KNOW OFFICE

VERIFICATION OF
RACHEL ZELTMANN
DEPUTY AGENCY OPEN RECORDS OFFICER

I, Rachel Zeltmann, Deputy Agency Open Records Officer of the Pennsylvania State Police (PSP or Department), am authorized to prepare this verification on the Department's behalf in response to PSP/RTKL Request Nº 2012-0567.  Accordingly, on this 21st day of December, 2012, I verify the following facts to be true and correct, to the best of my knowledge or information and belief:

1.  I am familiar with PSP/RTKL Request Nº 2012-0567, which is attached to this verification.

2.  Utilizing the information contained in the request, I searched all Department databases to which I have access for evidence of any PSP records that may respond to the request.

3.  Finding neither records nor any evidence that suggests PSP ever possessed the requested records, I have determined PSP does not have any records responsive to this RTKL request in its possession, custody, or control.

4.  Outside of the RTKL, the requestor was directed to contact the Franklin County Court of Common Pleas.

**I understand that false statements made in this verification are subject to penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.**

_____
Rachel Zeltmann
Deputy Agency Open Records Officer
Pennsylvania State Police

Page 1 of 1          "Exhibit"



Clerk
United S
Middle D
P.O. Box
Scranton

USPS TRACKING #

9114 9018 9?4 2305 9437 41

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008

RECEIVED
SCRANTON
MAR 11 2014
DEPUTY CLERK

No Fee Enclosed

Christopher Epple
KL4337/C-A-15A
Sci-Albion
10745 Route 18
Albion, PA 16475